**Elsa V. MOCEGA, Appellant,**

v.

**BRADFORD URQUHART,**
**M.D., Appellee.**

**No. 14–00–00916–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 2002.

William M. Funk, Houston, David J. Schenck, Dallas, for appellant.

Barbara Hilburn, Trace J. Sherer, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellant, Elsa V. Mocega, filed suit against Bradford Urquhart, M.D., alleging negligence in his treatment of her hand injury. The trial court dismissed her suit for failure to file an expert report within 180 days of filing. *See* TEX.REV.CIV. STAT. ANN. Art. 4590i, § 13.01(d). The record is replete with missed deadlines and promises by Mocega's counsel, and devoid of any expert support. Nevertheless, because Mocega's counsel swears he did not receive notice of a crucial submission date, and Urquhart's counsel cannot prove otherwise, we reluctantly reverse and remand.

Mocega filed suit July 16, 1999. State law required her to file a cost bond or expert report by October 14th, and an expert report and curriculum vitae by January 12, 2000. TEX.REV.CIV. STAT. ANN. Art.

4590i, § 13.01(a), (d). None were filed. According to Mocega's attorney, a physician who initially agreed to provide an expert report later reneged because of a personal relationship with Urquhart. A second expert agreed to provide a report in August of 1999, but Mocega's attorney suffered an unspecified serious illness that prevented him from following up. In February of 2000, this expert also backed out because he did not want to criticize a previous doctor's care.

On March 7, 2000, Urquhart's counsel called and demanded an expert report. Still receiving nothing, Urquhart's counsel filed a motion to dismiss on March 22nd (more than 240 days after the lawsuit's filing), along with a notice setting the matter for submission on April 3rd without an oral hearing, as allowed by Harris County local rules of court.[1] Mocega's attorney admits he received a copy of the motion a day or two after it was filed, but asserts he did not receive the notice of submission, even though it was referenced in a cover letter from Urquhart's counsel.

On April 3rd, the trial court granted Urquhart's motion and dismissed the case. On April 13th, Mocega's attorney called the court to find out when the motion would be set, and learned it had already been granted. He moved for reconsideration the next day, alleging by motion and affidavit that he had not received notice of the hearing. On April 25th, the trial court granted reconsideration, and reset Urquhart's dismissal motion for May 2nd. On April 27th, Mocega's attorney filed a motion for a thirty-day extension to obtain an expert report. *See* Tex.Rev.Civ. Stat. Ann. Art. 4590i, § 13.01(g).

Other than the affidavits already on file, no evidence was offered at the May 2nd hearing. At the conclusion, the trial court revoked his reconsideration order of April 25th. In a written order, the trial court stated two grounds: (1) appellant's counsel had notice of the April 3rd submission setting, and (2) the thirty-day grace period of section 13.01(g) could not extend more than 210 days after filing.[2]

Being only human, the trial court could not have foreseen our opinion several months later rejecting the second ground. *See Pfeiffer v. Jacobs*, 29 S.W.3d 193, 197 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding 30–day grace period could begin at any time, so long as it was filed before the hearing on the defendant doctor's motion to dismiss). Based on *Pfeiffer*, Mocega's first point must be sustained. Because the trial court's order contained an alternate basis for dismissal of the lawsuit, we turn to Mocega's remaining points and review the trial court's dismissal for abuse of discretion. *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001).

## Request for Findings of Fact and Conclusions of Law

As an initial matter, appellant contends it was error for the trial court to refuse to file findings of fact and conclusions of law after dismissing her case. We

---

**1.** *"Submission.* Motions may be heard by written submission. Motions shall state Monday at 8:00 a.m. as the date for written submission. This date shall be at least 10 days from filing, except on leave of court. Responses shall be filed at least two working days before the date of submission, except on leave of court." Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.3.3.

**2.** Section 13.01(g) requires a showing that the failure to supply an expert report "was not intentional or the result of conscious indifference but was the result of an accident or mistake." Mocega's attorney presented affidavits that met this standard, and neither the trial court's order nor Urquhart's brief contests the point.

disagree. A dismissal under section 13.01 of article 4590i is a sanction. *Palacios*, 46 S.W.3d at 877. In a sanctions dismissal, findings of fact and conclusions of law are appropriate but not required. *See IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442–43 (Tex.1997); *see also Tomasi v. Liao*, 63 S.W.3d 62, 64–65 (Tex.App.-San Antonio 2001, no pet.). Mocega's second point is overruled.

### Open Courts

■ Mocega argues that the trial court's dismissal of her lawsuit for failing to file an expert report violates the open courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13. Mocega admits that her claim required expert testimony at trial. We agree with other appellate courts that the statute does not violate the open courts provision by requiring an expert report sooner rather than later in the litigation. *See, e.g., Gill v. Russo*, 39 S.W.3d 717, 719 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Knie v. Piskun*, 23 S.W.3d 455, 467 (Tex.App.-Amarillo 2000, pet. denied). Mocega's fifth point is overruled.

### Notice of Hearing

■ Mocega's final two points assert the trial court was required to grant her the grace period provided under art. 4590i, § 13.01(g). A motion under that section is timely if filed before "any hearing" on a defendant's motion to dismiss. Urquhart's motion was "heard" by submission on April 3rd. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex.1998) (holding that a "hearing" does not contemplate an oral presentation unless required by express language or context). Mocega's motion was not filed until April 27th, long after that hearing.[3] Thus it was untimely if the April 3rd hearing was valid. *Jackson v. Reardon*, 14 S.W.3d 816, 819 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (affirming dismissal when motion for grace period was filed after motion to dismiss was heard by submission).

A valid hearing must be preceded by proper notice. Mocega's motion could not be rendered untimely by a hearing of which she had no notice. *See Palmer v. Cantrell*, 747 S.W.2d 39, 41 (Tex.App.-Houston [1st Dist.] 1988, no writ) (reversing dismissal order when notice of submission did not include a date). Both parties submitted affidavits on this issue. Mocega's attorney denied receiving any notice of submission, though he admitted receiving the motion to dismiss and a cover letter stating that a notice of submission was enclosed. In response, Urquhart filed a secretary's affidavit describing how her office routine made it "highly unlikely that the set of copies sent to [Mocega's counsel] was not a complete set."[4] The order of dismissal states that the trial court could "not find that plaintiff did not have notice" of the April 3rd submission.

---

**3.** Mocega also asserts the April 3rd order was never reinstated (even though that is exactly what the court's May 5, 2000 order says) because Urquhart's Motion to Reconsider the reinstatement order of April 25th was never set for hearing. But the Court had already set a rehearing on Urquhart's Motion to Dismiss for May 2nd, and Urquhart's Motion to Reconsider requested that it be heard at the same time. At the beginning of the hearing, the trial court stated he was hearing both motions, and Mocega's counsel made no objection. We find the trial court's final ruling effectively reinstated the April 3rd order.

**4.** Although the secretary states at one point in her affidavit that the notice of submission was sent to Mocega's counsel, the remainder of the affidavit makes clear that her testimony was based on office routine rather than a particularized recollection.

A certificate or affidavit of service is prima facie evidence that it took place. Tex.R. Civ. P. 21a. But this presumption vanishes if the opposing party offers proof of non-receipt. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987). The sender may rejoin by presenting other evidence of delivery; but if the sender relies on office routine to support an inference of receipt, there must be corroborating evidence. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 928 (Tex.1999).

Here there is no corroboration in the record. The "green card" filed by Urquhart shows that some of the documents were delivered to Mocega's counsel, but he admitted that. It is not specific to the notice of submission, and thus does not indicate whether the notice of submission was actually included. As long as Mocega's counsel swears he did not receive the notice of submission, Urquhart's proof of office routine is insufficient to rebut it. *Id.*

The most serious admission of omission by Mocega's counsel is that he received the dismissal motion and a cover letter indicating that a notice of submission came with it, and yet for three weeks failed to lift the phone to find out the submission date. But our sister court has held that a party receiving a blank notice of submission was not put on proper notice, even if she could have called to find out the submission date. *Palmer v. Cantrell,* 747 S.W.2d at 41. Thus, we must sustain Mocega's third and fourth points.

We reverse the judgment of the trial court and remand for further proceedings.