Gerald Allen PERRY, Appellant,

v.

Reginaldo STANLEY, Clovis Gilbert, and Jonathan Pleasant, Appellees.

No. 06–01–00158–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 18, 2002.

Decided July 3, 2002.

820 

Gerald Allen Perry, New Boston, Appellant, Pro se.

Anne L. Morgan, Assistant Attorney General, Austin, for Appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice GRANT.

Gerald Allen Perry appeals the dismissal of his medical negligence cause of action against Reginaldo Stanley, Clovis Gilbert, and Jonathan Pleasant. Perry, an inmate in the Barry Telford Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ), sued Stanley, Gilbert, Pleasant, and Lowry Powers for their purported failure to properly diagnose and/or treat an injury to his right hand. Specifically, Perry alleged Gilbert, a voca-

tional nurse with the Telford Unit, and Pleasant and Powers, physician assistants in the same unit, did not act as reasonably prudent practitioners in failing to request an x-ray of his fractured hand and in failing to provide pain medication. Perry alleged their negligence caused him pain and suffering and caused his hand to heal improperly, leading to its permanent disfigurement. Perry also alleged Stanley, as medical director of the Telford Unit, is vicariously liable for the actions of Gilbert, Pleasant, and Powers.

■ Stanley, Gilbert, and Pleasant each filed an answer and, approximately ten months later, a Motion to Dismiss based in part on Perry's failure to file an expert report in compliance with TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.2002).[1] The trial court dismissed the suit. Perry filed a Motion for New Trial, which was overruled by operation of law. On appeal, Perry contends that Article 4590i, § 13.01 is unconstitutional and that the trial court abused its discretion in failing to grant his Motion for New Trial.

■ Appellees contend this court lacks jurisdiction because the judgment is not final. As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final regardless of its language. *Id.* at 200. But the language of an order or judgment may make it final, even though it should have been interlocutory, if that lan-

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

1. Appellees also contended Perry failed to file an affidavit identifying and describing each pro se cause of action he had previously brought, as required by TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (Vernon Supp.2002). Such failure is itself a ground for dismissal.

*Thomas v. Bilby*, 40 S.W.3d 166, 168 (Tex. App.-Texarkana 2001, no pet.).

However, the record reflects that at the time of the dismissal, Perry had complied with Section 14.004(a). Further, Appellees do not assert that his initial failure to comply with Section 14.004(a) is a basis for affirming the dismissal.

guage expressly disposes of all claims and all parties. *Id.* The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id.* If the intent to dispose of the case is clear from the order, the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. *Id.* A judgment that grants more relief than a party is entitled to is erroneous and subject to reversal, but it is not, for that reason alone, interlocutory. *Id.*

Stanley, Gilbert, and Pleasant's Motion to Dismiss did not purport to address Perry's claims against Powers, and Powers did not move for a dismissal. In its order granting dismissal, the trial court recites that it considered Stanley, Gilbert, and Pleasant's Motion to Dismiss and that it dismissed Perry's cause of action against only those defendants. From this record, it is clear the trial court did not intend for its judgment to apply to Powers. Therefore, the judgment is not a final judgment.

The situation in this case is different from the situation in *Kleven v. Tex. Dep't of Criminal Justice—Inst. Div.*, 69 S.W.3d 341, 343–44 (Tex.App.-Texarkana 2002, no pet.), in which an inmate sued TDCJ and two guards, and the trial court granted TDCJ's motion for summary judgment. Though TDCJ's motion did not address the claims against the guards, the trial court ordered the cause of action dismissed with prejudice and stated that its order was a "final judgment" disposing of "all issues and all parties," and denying "[a]ll relief not specifically granted" and "[a]ll motions not previously ruled on . . . ." *Id.* at 344. We held the judgment was final but erroneous in that it granted more relief than the guards were entitled to. *Id.*

Unlike the judgment in *Kleven,* the trial court's order in the present case does not purport to be a final judgment and does not seek to dispose of "all issues and all parties." Because the judgment is not a final judgment, this court is without jurisdiction over the appeal. *See Lehmann,* 39 S.W.3d at 206.

 Because a partial summary judgment is severable from the remainder of a suit for the purpose of appealing the granting of summary judgment, *see, e.g., Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex.2001) (per curiam), in the interest of judicial efficiency, we sever Perry's claims against Stanley, Gilbert, and Pleasant from his claims against Powers. *See In re Estate of Loveless,* 64 S.W.3d 564, 571 (Tex.App.-Texarkana 2001, no pet.); *see also* Tex.R. Civ. P. 41 ("Any claim against a party may be severed and proceeded with separately.").

 Perry first contends the trial court erred in dismissing his suit because Article 4590i, § 13.01 is unconstitutional. Except for actions brought under the Texas Family Code, a suit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 14.002 (Vernon Supp.2002). Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate either before or after service of process if the court finds the claim is frivolous or malicious. Tex. Civ. Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon Supp.2002). In determining whether a claim is frivolous or malicious, the trial court may consider (1) whether the claim's realistic chance of ultimate success is slight; (2) whether the claim has no arguable basis in law or in fact; (3) whether it is clear the party cannot prove facts in support of the claim; or (4) whether the claim is substantially similar to a previous claim

filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp.2002).

The Texas Supreme Court has expressed doubt concerning whether a trial court may appropriately dismiss a suit only because the claim's realistic chance of ultimate success is slight or because it is clear the party cannot prove facts in support of the claim. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990). Practically speaking, therefore, the trial court is limited in most cases to determining whether the claim has an arguable basis in law or fact. *Bohannan v. Tex. Bd. of Criminal Justice,* 942 S.W.2d 113, 115 (Tex.App.-Austin 1997, writ denied). Where, as here, the trial court dismisses a claim without conducting a fact hearing, we are limited to reviewing only whether the claim had an arguable basis in law. *Sawyer v. Tex. Dep't of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.,* 961 S.W.2d 574, 579 (Tex.App.-San Antonio 1997, no pet.); *Bohannan,* 942 S.W.2d at 115; *In re Wilson,* 932 S.W.2d 263, 265 (Tex.App.-El Paso 1996, no writ).

We review a dismissal under Chapter 14 of the Civil Practice and Remedies Code using an abuse of discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

The Medical Liability and Insurance Improvement Act, TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d)(1), requires a plaintiff, within 180 days of filing a claim, either to furnish one or more expert reports for each physician or health care provider against whom the plaintiff asserts the claim to counsel or to nonsuit the case.

An expert report is not required for any issue other than an issue related to liability or causation. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(j).

If the plaintiff fails to provide an expert report or to nonsuit the case within the time required, the trial court must, on the defendant's motion, award as sanctions (1) the defendant's reasonable attorney's fees and court costs; (2) the forfeiture of the plaintiff's cost bond to the extent necessary to pay the award; and (3) the dismissal of the plaintiff's action with prejudice. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e). A trial court must grant an additional thirty days to a party if, after a hearing, the trial court determines the party's failure to file an expert report was not intentional or the result of conscious indifference, but was the result of an accident or mistake. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g). Just as we apply an abuse of discretion standard when reviewing a dismissal of an indigent inmate's cause of action under Chapter 14 of the Civil Practice and Remedies Code, we also apply an abuse of discretion standard when reviewing a dismissal under Article 4590i, § 13.01. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001).

Perry does not dispute that he failed to provide an expert report as required by Article 4590i, § 13.01(d). Rather, he contends the requirements that he obtain an expert report and that his cause of action be dismissed with prejudice if he does not obtain an expert report violate the open courts provision of the Texas Constitution because he cannot afford to employ an expert.

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX.

CONST. art. I, § 13. The open courts provision acts as an additional due process guarantee granted in the Texas Constitution, prohibiting legislative bodies from arbitrarily withdrawing all legal remedies from anyone having a well-defined, common-law cause of action. *McGlothlin v. Cullington*, 989 S.W.2d 449, 452 (Tex.App.-Austin 1999, pet. denied). For a party to successfully maintain an open courts challenge to a statute, the party must show (1) he or she has a cognizable common-law cause of action that is being restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the purpose or basis of the statute. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983).

The parties do not dispute that Perry's medical negligence cause of action was recognized at common law. Therefore, it is the second prong of the test outlined in *Sax* that is at issue in this case.

In *Gill v. Russo*, 39 S.W.3d 717, 718–19 (Tex.App.-Houston [1st Dist.] 2001, pet. denied), the court of appeals held Article 4590i, § 13.01(d)(1) did not violate the open courts provision with respect to an indigent inmate's medical negligence cause of action. In so holding, the court noted there is no general statutory or constitutional right to free experts to support an indigent plaintiff's civil cause of action. *Id.* at 719. Because a plaintiff raising a claim of medical negligence is required to prove his or her claim by competent expert testimony to avoid summary judgment and/or to prevail at trial, the court held the statutory requirement of an expert report is a reasonable restriction directly related to the statute's purpose of discouraging frivolous lawsuits. *Id.* Other courts, including this one, have applied similar reasoning in upholding the statute in the face of an open courts challenge. *See Mocega v. Urquhart*, 79 S.W.3d 61, 63–64 (Tex. App.-Houston [14th Dist.] 2002, no pet. h.);

*Knie v. Piskun*, 23 S.W.3d 455, 467 (Tex. App.-Amarillo 2000, pet. denied); *Horsley-Layman v. Angeles*, 968 S.W.2d 533, 537 (Tex.App.-Texarkana 1998, no pet.); *see also Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 872 (Tex.App.-Fort Worth 1996, writ denied) (applying similar reasoning to the requirement in a previous version of Article 4590i, § 13.01 that, within ninety days of filing suit, the plaintiff must file a cost bond or an affidavit asserting he or she had obtained an expert report). Therefore, the statute is not unconstitutional as applied to Perry.

■ Perry also contends the trial court erred in failing to grant his Motion for New Trial in which he requested a thirty-day grace period to file an expert report. As mentioned previously, a trial court must grant an additional thirty days to a party if, after a hearing, the trial court determines the party's failure to file an expert report was not intentional or the result of conscious indifference, but was the result of an accident or mistake. TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01(g). A motion under Article 4590i, § 13.01(g) is timely if it is filed before "any hearing" on a defendant's motion to dismiss. *Id.*

Appellees' Motion to Dismiss was filed on August 2, the same day the trial court signed the order of dismissal. The certificate of service attached to Appellees' motion asserts they mailed a copy of the motion to Perry on July 31. If there was a hearing on Appellees' motion, there is no record of the hearing, though the trial court's order asserts it considered "the arguments of counsel." Perry asserted in his Motion for New Trial that he did not receive notice of Appellees' motion until after it was granted by the trial court.

In *Mocega*, the appellant was not notified that the appellee's motion to dismiss was set for submission before the trial court on a certain date. *Mocega*, at 63–64.

After the trial court granted the appellee's motion, the appellant filed a motion for reconsideration and, after it was granted, a motion requesting a thirty-day grace period under Article 4590i, § 13.01(g). *Id.* The court of appeals held that because the appellant's contention that she did not have notice of the submission was unrebutted, and because the appellee did not contest that the appellant's failure to provide the expert report was not intentional or the result of conscious indifference, the trial court had to grant the appellant's motion for a thirty-day grace period. *Id.* at 65.

Appellees contend that under Section 14.003 of the Texas Civil Practice and Remedies Code, Perry was not entitled to a hearing before the trial court dismissed his suit. *See Thomas v. Bilby,* 40 S.W.3d 166, 168 (Tex.App.-Texarkana 2001, no pet.). As we have already said, however, the only basis on which the trial court could dismiss Perry's suit under Section 14.003 is if it found his claims had no basis in law. Perry's failure to file an expert report would mean his suit has no basis in law because expert testimony is required to maintain a claim of medical negligence, and the statute requires dismissal if a party fails to file the expert report.

However, Perry did not receive notice of Appellees' Motion to Dismiss before it was granted by the trial court. Therefore, he was denied an opportunity to take advantage of the grace period afforded by Arti-

cle 4590i, § 13.01(g). Assuming Perry could show his failure to file an expert report was not intentional or the result of conscious indifference, but was the result of mistake or accident, he is entitled to a thirty-day grace period, and dismissal of his suit was premature.

In *McClure v. Landis,* 959 S.W.2d 679, 680 (Tex.App.-Austin 1997, pet. denied), the appellant's attorney mistakenly believed he had timely sent an expert report to the appellee. The appellee moved for dismissal, and the trial court granted his motion. *Id.* The appellant filed a motion for new trial in which she contended she was entitled to a thirty-day grace period retroactively validating the expert report her attorney sent the appellee immediately on receiving his motion to dismiss. *Id.*

The court of appeals held the trial court abused its discretion in overruling the appellant's motion for new trial.[2] *Id.* at 681. In so holding, the court analogized cases defining intentional acts or conscious indifference in the context of motions for new trial after a default judgment. *Id.* This court has applied the same approach. *See Roberts v. Med. City Dallas Hosp., Inc.,* 988 S.W.2d 398, 403 (Tex.App.-Texarkana 1999, pet. denied).

A party moving for a new trial may support his or her position by affidavits attached to the motion and by evidence. *McClure,* 959 S.W.2d at 681. It is

2. *McClure* does not contain a discussion of the timeliness of the appellant's request for a thirty-day grace period, which she included in her motion for new trial filed after the trial court dismissed the suit. It is unclear from the opinion when the appellant received the appellee's motion to dismiss, i.e., before or after the trial court granted the motion.

Assuming the appellant received the motion to dismiss after the trial court granted the motion, then *McClure* is further support for our holding above that a party who does not

receive notice of a motion to dismiss under Tex Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e) (Vernon Supp.2002), can assert his or her right to a thirty-day grace period in a motion for new trial. Assuming the appellant received the motion to dismiss before the trial court granted the motion, then *McClure* stands for the proposition that a party can assert his or her right to a thirty-day grace period in a motion for new trial if the party sends the expert report before the trial court grants the dismissal.

not necessary for the movant to introduce his or her supporting affidavits into evidence for the trial court to consider them. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994). When the movant's affidavits are not controverted, it is sufficient that the affidavits set forth facts that, if true, would negate intentional acts or conscious indifference. *Id.*

 Proof of accident or mistake negates intent or conscious indifference. *McClure,* 959 S.W.2d at 681. Conscious indifference requires more than negligence; some excuse, but not necessarily a good excuse, is enough to show a lack of intentional conduct or conscious indifference. *Roberts,* 988 S.W.2d at 403. A mistake of law is also sufficient to negate intentional conduct or conscious indifference. *Bank One, Tex., N.A. v. Moody,* 830 S.W.2d 81, 84 (Tex.1992).

In the present case, Appellees did not controvert Perry's affidavit in support of his Motion for New Trial. In his affidavit, Perry asserts he does not have funds to retain an expert, but mistakenly believed he could obtain the necessary information from the defendants during the discovery process. Toward that end, he filed requests for production from the defendants within the 180–day window provided by Article 4590i, § 13.01(d). In the absence of controverting evidence, Perry's affidavit is sufficient to establish that his failure to file an expert report was not intentional or the result of conscious indifference, but was due to mistake.

Appellees contend Perry was unable to obtain an expert report even after the trial court dismissed his suit. Their contention is irrelevant to whether the trial court should have granted the thirty-day grace period. Under the statute, Perry was entitled to the grace period if he established that his failure to file the expert report was due to mistake or accident. Because he made this showing in his Motion for New Trial, the trial court abused its discretion in failing to grant his motion.

The judgment is reversed, and the case is remanded to the trial court for further proceedings.