In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00089-CR


______________________________




MONTY LEE MURPHY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. 147-CR-6-01




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Monty Lee Murphy has filed a notice of appeal from his conviction by a jury for the offense
of burglary of a habitation. The jury assessed his punishment at twenty years' confinement and a
$10,000.00 fine. Murphy was represented by retained counsel at trial, and his notice of appeal was
filed on April 22, 2002. The record was due on July 17, 2002. Murphy has not claimed to be
indigent, and his notice of appeal was filed by his attorney. 

 Counsel has informed this Court that Murphy does not wish to pursue the appeal, that
Murphy has not made any attempt to contact him, and that he does not have a current address for
Murphy. We have been informed by the district clerk that Murphy has not made any attempt to
provide the necessary funds to obtain a record. 

 A formal request for preparation of a clerk's record is not required by the rules. A notice of
appeal serves as the request. However, the party must also pay for the record or make arrangements
to pay for its preparation. The trial court clerk is responsible for preparing and timely filing the
clerk's record if a notice of appeal is filed-and "if the party responsible for paying for its preparation
has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is
entitled to appeal without paying the fee." Tex. R. App. P. 35.3(a)(1), (2). A clerk's record must
be provided in an appeal. In its absence, there is nothing before this Court for review. Tex. R. App.
P. 34.1.

 There is no record before us in this case and, over a period of five months since Murphy was
sentenced, he has made no effort to obtain a record. Murphy has not contacted his attorney or this
Court concerning his appeal. Under these circumstances, we find that Murphy has failed to attempt
to prosecute his appeal. Without any record before us, there is nothing for this Court to review. 
While we are cognizant of the need to protect the parties' rights, we are also aware that further delay
in disposing of this appeal is pointless, since the appellant has entirely failed to provide a record. 
See Rodriguez v. State, 970 S.W.2d 133 (Tex. App.-Amarillo 1998, pet. ref'd). 

 The appeal is dismissed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 4, 2002

Date Decided: September 5, 2002


Do Not Publish



ception Locked="false" Priority="39" Name="toc 7"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00031-CV

                                                ______________________________

 

 

                  JIMMIE HARRIS, ADMINISTRATOR OF THE
ESTATE 

                                       OF JERRY YEAGER, Appellant

 

                                                                V.

 

                             DR. HIREN PATEL AND HEALTHSOUTH 

                              REHABILITATION HOSPITAL, Appellees

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 10C0758-005

 

                                                                                                  


 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            The health care
liability lawsuit filed against Hiren Patel, M.D., and HealthSouth
Rehabilitation Hospital (HealthSouth) alleged that medical negligence caused
Jerry Yeagers death.  But, after the
120-day statutory deadline for serving an expert report had passed, and
plaintiff, Jimmie Harris, as personal representative of the Estate of Jerry
Yeager, had served no such report, the trial court dismissed the lawsuit and
granted attorneys fees to the two defendants.

            Harris
appeals, asserting constitutional challenges to the expert-report deadline,
claiming trial-court error in refusing his motion to extend the deadline and
arguing that the awarded attorneys fees were excessive.  We affirm the trial courts judgment because
(1) Harris constitutional challenges were not preserved and are not
meritorious, (2) Section 74.351 requires dismissal of Harris claims, and
(3) the awards of attorneys fees were within the trial courts discretion.

(1)        Harris Constitutional Challenges Were
Not Preserved and Are Not Meritorious

 

            Harris constitutional
challenge is subject to de novo review.  If
a statute operates unconstitutionally, the trial court has no discretion to
apply it.  Walker v. Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003)
(expert report statute did not violate due process right, and trial court did
not abuse discretion in dismissing claim).

            A health care
liability claimant must serve on each party or partys attorney one or more
expert reports no later than the 120th day after the date the original petition
was filed.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2011).
 By statute, if an expert report is not
served within the specified time period, the court must enter an order that
dismisses the claim with respect to the health care provider, with prejudice to
refiling of the claim, and that awards to the affected health care provider
reasonable attorneys fees and costs of court. 
Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(b)(1), (2) (West 2011).   Harris concedes his expert report was not
timely served, but claims the 120-day deadline within which to serve this
report is arbitrary and amounts to a denial of due process of law.

            Preliminarily,
Patel and HealthSouth contend Harris waived his constitutional challenge to
Section 74.351 by raising it for the first time on appeal.[1]  We find nothing in the record demonstrating
that Harris constitutional challenge was raised in the trial court.  To preserve a complaint for appellate review,
a party must generally present it to the trial court in a timely request,
motion, or objection that states the specific grounds therefor, and obtain a
ruling.  Tex. R. App. P. 33.1(a). 
This rule applies to constitutional issues.  In re
L.M.I., 119 S.W.3d 707, 71011 (Tex. 2003); Wilson-Everett v. Christus St. Joseph, 242 S.W.3d 799, 801 (Tex.
App.Houston [14th Dist.] 2007, pet. denied); Rittenhouse v. Sabine Valley Ctr. Found., Inc., 161 S.W.3d 157, 166 (Tex. App.Texarkana 2005, no
pet.).  Harris constitutional claim was
not raised in the trial court and is therefore not subject to review on appeal.[2]

            Even if
Harris constitutional challenge had been preserved for our review, his claim
would not meet with success.  The
Constitution does not require prior notice that the law is clear about a
clearly stated consequence for failing to comply with its terms.  Walker,
111 S.W.3d at 66.  Dismissal of Harris
lawsuit was a direct result of his failure to file an expert report in
compliance with the statutory deadline.

            Moreover,
the courts have repeatedly found Section 74.351 constitutional in the face of
alleged due process violations.  See Bankhead v. Spence, 314 S.W.3d 464, 469 (Tex. App.Waco
2010, pet. denied) (statute not unconstitutional as applied); Solomon-Williams v. Desai, No.
01-08-00733-CV, 2009 WL 1813135 (Tex. App.Houston [1st Dist.] June 25, 2009,
pet. denied) (mem. op.) (statute not facially unconstitutional); Smith v. Hamilton, No. 09-07-128-CV,
2007 WL 1793754 (Tex. App.Beaumont June 21, 2007, no pet.) (mem. op.) (statute
not unconstitutional as applied); Etheredge
v. McCarty, No. 05-05-00164-CV, 2006 WL 1738258 (Tex. App.Dallas June 27,
2006, no pet.) (mem. op.) (dismissal imposed as direct result of failure to
file expert report in compliance with statutory deadline was appropriate and
did not violate due process); Herrera v.
Seton Nw. Hosp., 212 S.W.3d 452 (Tex. App.Austin 2006, no pet.) (Section
74.351 does not violate due course of law provision of Texas Constitution); Thoyakulathu v. Brennan, 192 S.W.3d 849
(Tex. App.Texarkana 2006, no pet.) (due process does not require exceptions
[to expert report requirement] that would encompass any conceivable
complication in order to pass constitutional muster); Perry v. Stanley, 83 S.W.3d 819, 825 (Tex. App.Texarkana 2002, no
pet.) (Section 74.351 does not violate due course of law provision of Texas
Constitution).

            Harris
assertion that the statutes restrictions are arbitrary and unreasonable
presents a facial challenge to Section 74.351. 
To sustain such a challenge, it must be shown that the statute, by its
own terms, always operates unconstitutionally. 
Harris complaint of arbitrary and unreasonable restrictions imposed by
the statutory time frame is untenable.  See Herrera, 212 S.W.3d at 461 (merely
asserting that Section 74.351 is arbitrary and unreasonable fails to
demonstrate that statute always operates unconstitutionally).

            Harris
further asserts that Yeagers death, resulting from an alleged medication
overdose, creates a strong presumption of negligence and that this claim is
not the type of meritless claim envisioned by the Legislature.  Harris therefore contends the statute is
unconstitutional as applied.  Appellate
courts are not at liberty to create exceptions to the mandatory time frame in
which to file an expert report, even when a meritorious claim may be
dismissed.  See Broxterman v. Carson, 309 S.W.3d 154 (Tex. App.Dallas 2010,
pet. denied) (dismissal of claim for failure to comply with expert report
requirement, even if claim is meritorious, does not offend due process); Gulf Coast Med. Ctr., LLC v. Temple, No. 13-09-00350-CV, 2010
WL 196972 (Tex. App.Corpus Christi Jan. 21, 2010, no pet.) (mem. op.) (court
not free to craft exceptions to expert report requirement each time objective
of that requirement is frustrated).

            Finally,
Harris contends Section 74.351 violates the Separation of Powers doctrine,[3]
because it deprives the judicial branch of the authority to assess the evidence
and facts in the case.  Even if this
issue had been preserved for our review, it has been determined that this
section does not violate the Separation of Powers doctrine.  Wilson-Everett,
242 S.W.3d at 80304.

            Harris
constitutional challenges fail.

 

(2)        Section 74.351 Requires Dismissal of
Harris Claims

 

            A trial
courts ruling on a motion to dismiss under Section 74.351(b) is reviewed for
an abuse of discretion.  Am.
Transitional Care Ctrs. of Tex. v. Palacios, 46 S.W.3d 873, 87778 (Tex. 2001).  A trial court abuses its discretion when it reaches
a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  In re Bass, 113 S.W.3d 735, 738 (Tex. 2003); Yilmaz v. McGregor, 265 S.W.3d 631, 63536
(Tex. App.Houston [1st Dist.] 2008, pet. denied).  Questions of law are subject to a de novo
review.  See Oak Park, Inc. v.
Harrison, 206 S.W.3d 133, 137 (Tex. App.Eastland 2006, no pet.).  [A] trial court has no discretion in
determining what the law is, which law governs, or how to apply the law.  Univ. of Tex. Health Sci. Ctr. at Houston
v. Gutierrez, 237 S.W.3d 869,
871 n.1 (Tex. App.Houston [1st Dist.] 2007, pet. denied); see also Buck v.
Blum, 130 S.W.3d 285, 290
(Tex. App.Houston [14th Dist.] 2004, no pet.) (de novo standard of review
applies in reviewing interpretation of health care liability statute).

            While not
stated as a separate issue, Harris essentially contends the trial court abused
its discretion in failing to allow a thirty-day extension in which to file the
expert report to correct any deficiency. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West 2011). 
Subsection (c) provides for the only extension available in the absence
of a written agreement[4]
between the affected parties:

If an expert report has not been served within
the period specified by Subsection (a) because elements of the report are found
deficient, the court may grant one 30day extension to the claimant in order to
cure the deficiency.  If the claimant
does not receive notice of the courts ruling granting the extension until
after the 120day deadline has passed, then the 30day extension shall run from
the date the plaintiff first received the notice.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(c). 
Harris maintains that, because the statute does not define deficiency
and does not satisfactorily explain the plain meaning of the phrase if an
expert report has not been served within the period specified by Subsection (a) because
elements of the report are found deficient, the trial court may, in its
discretion, grant a thirty-day extension to cure any deficiency.  Here, Harris claims the trial court never
ruled on whether the report was deficient and failed to consider whether to grant
an extension to amend the report.

            Harris filed
suit May 6, 2010.  The expert report was
therefore due on or before September 3, 2010.  The expert report was not served until
September 13ten days after the deadline passed, at which time Harris also
filed a motion to extend the expert report submission deadline to September
13.  This Court has previously held that Section
74.351(c):

Serve[s] as an after-the-fact extension, a
second chance at getting the report right. That is, the claimant still must
serve the expert report by the 120day deadline, but, if the trial court
determines the timely-filed report is deficient, it may grant an extension in
which the claimant may cure any deficiencies in the report.

 

Thoyakulathu, 192
S.W.3d at 85253.  Because Harris failed
to serve his report by the deadline, and no agreed extension was obtained,
mandatory dismissal was required.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b)(1), (2).  Section 74.351(c)
does not apply to an expert report filed beyond the 120-day deadline.  Valley Baptist Med. Ctr. v. Azua, 198 S.W.3d 810, 815 (Tex.
App.Corpus Christi 2006, no pet.); Thoyakulathu,
192 S.W.3d at 853.

            The statute
required the dismissal ordered by the trial court.

 

(3)        The
Awards of Attorneys Fees Were Within the Trial Courts Discretion

 

            The trial
courts order dismissing Harris petition ordered Harris to pay attorneys fees
and court costs to Patel and HealthSouth. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).  The trial court awarded to Patel $8,602.77 in
attorneys fees, and to HealthSouth $2,785.50 in attorneys fees.  Harris claims the fee awards are excessive in
light of the amount of work done by respective counsel for Patel and
HealthSouth.  We review a trial courts
award of attorneys fees under Chapter 74 for an abuse of discretion.  See
Sandles v. Howerton, 163 S.W.3d 829, 838 (Tex. App.Dallas 2005, no pet.)
(applying abuse of discretion standard under prior act).  We review the award to each defendant in
turn.

            Section
74.351(b)(1) provides that, if an expert report has not been served within the
period specified, the trial court, on a proper motion, shall award reasonable
attorneys fees and costs of court incurred by the physician or health care
provider.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1).  The reasonableness of attorneys fees is a
question of fact and must be supported by credible evidence.  Stukes
v. Bachmeyer, 249 S.W.3d 461, 469 (Tex. App.Eastland 2007, no pet.); All Seasons Window & Door Mfg., Inc. v. Red Dot Corp., 181 S.W.3d 490, 503
(Tex. App.Texarkana 2005, no pet.).  In
a nonjury case, the record must contain probative evidence to support the award
as made by the trial court.  Woollett v. Matyastik, 23 S.W.3d 48, 52
(Tex. App.Austin 2000, pet. denied).  A
request for attorneys fees under Section 74.351(b) may be supported by an
affidavit, rather than live testimony.  See Ramchandani v. Jimenez, 314 S.W.3d
148, 154 (Tex. App.Houston [14th Dist.] 2010, no pet.).  Accordingly, if an affidavit contains some
evidence supporting the reasonableness of attorneys fees, the trial court is
within its discretion to award such fees. 
Id.

            Patels
attorney submitted an affidavit indicating attorney legal services rendered on
behalf of Patel totaled 36.30 hours, billed at an hourly rate of $215.00 per
hour, for a total of $7,804.50.  The
affidavit states that the services performed were reasonable and necessary in
defense of the case, and the hourly rate of $215.00 is a reasonable and
customary fee in Bowie County, Texas, for the legal services rendered.  The affidavit further indicates the paralegal
services of one hour at an hourly rate of $95.00 were performed, and $488.27 in
expenses were incurred in gathering medical records related to the case, for a
total of $583.27.  Finally, the affidavit
indicates that the hourly rate of $95.00 is a reasonable and customary fee in
Bowie County, Texas, for the paralegal services rendered.  These fees total $8,387.77.  At the dismissal hearing, counsel for Patel
indicated that fees totaled $8,602.77, taking into account counsels time in
attending the hearing.  

            Harris neither
objected to Patels proof of attorneys fees, nor submitted a controverting
affidavit or testimony regarding the total fees requested by counsel for
Patel.  Moreover, the award of fees to
Patel is supported by credible, competent evidence, as outlined above.  Patels proof established a reasonable hourly
rate for legal representation and for paralegal work.  Harris does not challenge either of these
rates.  What remains to be challenged as
excessive is the number of hours spent in the defense of the case during the
four-month time frame between the time suit was filed and the dismissal
hearing.  During that time, Patels
attorney performed thirty-six hours of legal services.  For a medical malpractice case, this is not
excessive.  See Hagedorn v. Tisdale, 73 S.W.3d 341, 353 (Tex. App.Amarillo
2002, no pet.) (factor to be considered by court in determining amount of fees
is novelty and difficulty of question presented, and skill required).

            Harris has
failed to establish that the fee award to Patel is excessive, and the record
contains probative evidence to support the award.  Accordingly, we find the award of attorneys
fees and costs in favor of Patel to be appropriate and uphold the award.

            Counsel for
HealthSouth submitted an affidavit indicating legal services rendered on behalf
of HealthSouth totaled $11,350.00, billed at an hourly rate of $205.00 for
senior partner time, $165.00 for associate time, and $100.00 for paralegal
time.  The defense expended a combined
total of 68.8 hours.  Fees incurred
solely in relation to the motion to dismiss totaled $2,785.50, the fee awarded
by the Court.  The affidavit recites that
the services performed were reasonable and necessary, and the hourly rates were
reasonable and customary in the defense of a medical malpractice case.

            Harris neither
objected to HealthSouths proof of attorneys fees, nor submitted a
controverting affidavit or testimony regarding the total fees requested by
counsel for HealthSouth.[5]  Moreover, the award of fees to HealthSouth is
supported by credible, competent evidence, as outlined above.  HealthSouths proof established a reasonable
hourly rate for legal representation and for paralegal work.  Harris does not challenge either of these
rates.  What remains to be challenged as
excessive is the number of hours spent in the defense of the case.  The fact that the total fees awarded to
HealthSouth were $2,785.50, when $11,350.00 in fees were submitted,
substantially weakens the contention that the number of hours expended on the
motion to dismiss (a total of fourteen) was excessive.  Harris has failed to establish the fee award
to HealthSouth is excessive, and the record contains probative evidence to
support the award.  Accordingly, we find
the award of attorneys fees in favor of HealthSouth to be appropriate and uphold
the award.

            We
affirm the judgment of the trial court.[6]

 

 

                                                                                                Josh
R. Morriss, III

                                                                                                Chief Justice

 

Date Submitted:          August
16, 2011

Date Decided:             September
22, 2011

 

 

 











[1]Harris
claims that, in this case, Yeagers death, resulting from an alleged medication
overdose, creates a strong presumption of negligence.  He therefore maintains that the statute
arbitrarily truncated his right to have this matter decided by a jury, in violation
of his constitutional right to due process. 
Harris fails to cite statutory or caselaw in support of this
proposition.

 





[2]Harris
argument in this connection is not supported by citations to statutory or
caselaw.  This failure to offer legal
analysis has heretofore been found to constitute a waiver of the issue on
appeal.  See Parker v. CCS/Meadow Pines, Inc., 166 S.W.3d 509, 513 n.4 (Tex.
App.Texarkana 2005, no pet.).





[3]The
Separation of Powers doctrine prohibits one branch of government from exercising
a power inherently belonging to another branch. 
Gen. Servs. Commn v. Little-Tex.
Insulation Co., 39 S.W.3d 591, 600 (Tex. 2001).

 





[4]The
date for serving the report may be extended by written agreement of the
affected parties.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a).  No such agreement appears
here.





[5]The
argument that fees awarded to HealthSouth are excessive is nullified by the
fact that, even though total fees submitted were $11,350.00, the trial court
only awarded fees of $2,785.50.





[6]Both
Patel and HealthSouth seek damages from Harris for filing a frivolous
appeal.  See Tex. R. App. P. 45.  We decline to award damages in this instance.