In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00045-CV
______________________________


GERALD ALLEN PERRY, Appellant
 
V.
 
REGINALDO STANLEY, ET AL., Appellees


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 00C1485-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Gerald Allen Perry was an inmate at the Barry Telford Unit in New Boston, Texas. Perry
sued Reginaldo Stanley, Clovis Gilbert, Lowry Powers, and Jonathan Pleasant for allegedly
providing negligent medical care and treatment to Perry for a hand injury he sustained while
incarcerated at the Telford unit. The trial court dismissed Perry's suit because he failed to file a
medical expert report as required by law. On appeal, Perry contends (1) the trial court erred by
failing to rule on (and grant) his motion for sanctions against the defendants for alleged discovery
abuses, and (2) the defendants' alleged failure to disclose information during the discovery process
violated Perry's right of access to the courts. We affirm.
I. Sanctions
            In his first point of error, Perry contends the trial court erred by failing to rule on, or grant,
Perry's  motion  for  sanctions  against  the  defendants.  Perry  filed  a  motion  for  sanctions  on
January 17, 2003, alleging the defendants failed to turn over specific medical records. 
            The decision to award sanctions rests within the sound discretion of the trial court. Tex.-Ohio
Gas, Inc. v. Mecom, 28 S.W.3d 129, 135 (Tex. App.‒Texarkana 2000, no pet.). We will not reverse
a trial court's decision absent a showing it abused its discretion. Id. A trial court abuses its
discretion when it acts without respect to any guiding principles or rules. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide
a matter within his discretionary authority in a different manner than an appellate judge in a similar
circumstance does not demonstrate that an abuse of discretion has occurred." Id. at 242.
            The record before us does not indicate the trial court ever ruled on Perry's motion. The court
did, however, conduct a hearing on January 27, 2003, regarding the defendants' motion to dismiss. 
At the beginning of that hearing, the trial court stated, "Now, what we have here today, as I
understand it, is a motion to dismiss because of your failure‒and we talked about this last time you
were here‒because of your failure to provide a medical report that would comply with that latest case
that is very stringent." Perry responded by telling the trial court he understood the purpose of the
hearing. During the hearing, Perry never asked the trial court to rule on his motion for sanctions. 
            Perry has not referenced any place in the record showing any request that the trial court rule
on the sanctions motion. We have independently reviewed the record and have not found that Perry
asked the trial court to enter such a ruling. To preserve a complaint for appellate review, the record
must demonstrate that a complaint was made to the trial court by a timely request, objection, or
motion, and the trial court either ruled on that request, objection, or motion, or refused to rule on the
request, objection, or motion. Tex. R. App. P. 33.1. In this case, the trial court neither ruled on
Perry's motion nor refused to rule on Perry's motion. Accordingly, Perry failed to preserve his first
issue for appellate review.
            Even if the issue had been preserved, the record shows Perry did not file a report from a
medical expert within the required time limit. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)



(plaintiff has 180 days with possibility of one thirty-day extension to file report from medical expert
for each health care provider defendant). The Legislature, in its efforts to reduce frivolous lawsuits,
has imposed strict requirements for providing expert reports early in the litigation. Am. Transitional
Care Ctrs. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Gill v. Russo, 39 S.W.3d 717, 719 (Tex.
App.‒Houston [1st Dist.] 2001, pet. denied). If a plaintiff fails to abide by these time limits, then
the trial court shall, on the motion of any affected health care provider, enter an order sanctioning
the plaintiff by dismissing the plaintiff's action against that defendant with prejudice. Tex. Rev. Civ.
Stat. Ann. art 4590i, § 13.01(e).


 At the January 27, 2003, hearing, Perry admitted he had failed
to file an expert report for each defendant within the time frame allowed. Accordingly, the trial court
was required to dismiss Perry's case with prejudice. See, e.g., Gill, 39 S.W.3d at 719 (trial court had
mandatory duty to dismiss inmate's medical malpractice suit when, after 180 days, no expert report
had been filed for each defendant). Once the case was dismissed, Perry's motion for sanctions was
moot.
II. Denial of Access to Courts
            In his second point of error, Perry contends the defendants' alleged failure to disclose relevant
documents during discovery effectively denied him access to the judicial system. Perry's argument
assumes the defendants intentionally withheld information which Perry intended to file as his report
from a medical expert.
            "All courts shall be open, and every person for an injury done him, in his lands, goods, person
or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. "The open courts
provision acts as an additional due process guarantee granted in the Texas Constitution, prohibiting
legislative bodies from arbitrarily withdrawing all legal remedies from anyone having a well-defined,
common-law cause of action." Perry v. Stanley, 83 S.W.3d 819, 825 (Tex. App.‒Texarkana 2002,
no pet.). A litigant who wishes to prosecute an alleged violation of the Texas Constitution's open
courts provision must first show he or she "has a cognizable common law cause of action that is
being restricted." Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). The litigant then must
demonstrate "the restriction is unreasonable or arbitrary when balanced against the purpose and basis
of the statute." Id.
            As we previously discussed in Perry, Texas appellate courts, including this one, have held
that, because a plaintiff raising a claim of negligent medical care cannot win at trial or at summary
judgment absent competent expert testimony, "the statutory requirement of an expert report is a
reasonable restriction directly related to the statute's purpose of discouraging frivolous lawsuits. 
[citation omitted]. Other courts, including this one, have applied similar reasoning in upholding the
statute in the face of an open courts challenge." Perry, 83 S.W.3d at 825. Perry has failed to satisfy
the second prong of the open courts analysis.
            Today, we reaffirm our previous holding that the statute is not unconstitutional as applied
to Perry. For the reasons stated, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 12, 2003
Date Decided:             November 14, 2003