In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00032-CV


______________________________





IN RE: GERALD ALLEN PERRY









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Gerald Allen Perry brings this mandamus proceeding and names Honorable Leon Pesek, Jr.,
presiding judge of the 202nd Judicial District Court of Bowie County, Texas, as Respondent. Perry
claims the trial court has failed to hold a hearing and rule on his "Application For a Bill of Review
filed in Cause No. 07 C 0090-202 that was filed on January 16th, 2007 as it relates to a cause of
action filed in Cause No. 00-C-1485-202." In cause number 00-C-1485-202, Perry alleged the prison
failed to properly diagnose and/or treat an injury to his right hand. See Perry v. Stanley, 83 S.W.3d
819, 822 (Tex. App.--Texarkana 2002, no pet.). This suit was apparently dismissed with prejudice
by the trial court for failure to file an expert report. See Perry v. Stanley, No. 06-03-00045-CV, 2003
Tex. App. LEXIS 9691 (Tex. App.--Texarkana Nov. 14, 2003, no pet.) (mem. op.). Several years
later, Perry filed a bill of review which the trial court assigned the cause number 07-C-0090-202. 
According to Perry, the bill of review has languished for over a year without any action by the trial
court. Perry claims the trial court has failed to rule on a motion--a ministerial act--or hold a
hearing. (1)
 

 Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (often described as a "ministerial" act), and
(2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). A remedy is not inadequate
merely because it may involve more expense or delay than obtaining an extraordinary writ. Walker,
827 S.W.2d at 842. "With respect to resolution of factual issues or matters committed to the trial
court's discretion, . . . the reviewing court may not substitute its judgment for that of the trial court." 
Id. at 839-40. "The relator must establish that the trial court could reasonably have reached only one
decision." Id. at 840. Mandamus is not appropriate when there are factual disputes. In re Angelini,
186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding).

 Once a ruling has been requested on a motion pending before a trial court, the trial court is
required to consider and rule on a motion within a reasonable time. In re Greenwell, 160 S.W.3d
286, 288 (Tex. App.--Texarkana 2005, orig. proceeding); see Eli Lilly & Co. v. Marshall, 829
S.W.2d 157, 158 (Tex. 1992); In re Molina, 94 S.W.3d 885, 886 (Tex. App.--San Antonio 2003,
orig. proceeding). While a trial court has some discretion in the manner in which it rules on motions,
the trial court may commit a clear abuse of discretion when it refuses to rule on pending motions
after a reasonable time has passed. Greenwell, 160 S.W.2d at 288. "While we have jurisdiction to
direct the trial court to exercise its discretion in some manner, we may not tell the trial court what
that decision should be." Id.

 However, Perry has failed to show there was a motion pending before the trial court. Perry
asserts that he "wrote a letter to the Court or District Clerk requesting that this matter be brought to
the attention of the Court on 1-18-08 to no avail." In his prayer, Perry merely requests that this Court
"grant his petition for Writ of Mandamus ordering the 202nd District Court to rule on his petition
for Bill of Review." Perry's petition for a writ of mandamus does not explain on which motion the
trial court failed to rule within a reasonable time. 

 While the petition does contain an appendix, (2) the appendix does not include "a certified or
sworn copy of any order complained of, or any other document showing the matter complained of."
See Tex. R. App. P. 52.3(d), (j)(1)(A). The petition also does not certify that a copy was served on
the respondent. See Tex. R. App. P. 9.5. The appendix contains the following documents. The first
document was reportedly filed "In the United States District Court For the Eastern District of Texas
Beaumont Division" and is titled "Bill of Review Collaterally Attacking the State Court Judgment
of 202nd District Court of Bowie County as Void on its face." In this document, Perry requests to
file a bill of review in federal court. The document is not dated and does not contain any file stamps. 
The second document is an undated letter to the district court which provides in its entirety: 
"Petitioner files his request for Bill of Review in Cause Number 00-C-1485-202 and further request
[sic] the Clerk of Court to forward blank subpoena Deus [sic] Tecum and Ad Testificandum forms
to be completed by petitioner for Defendant Reginaldo Stanley, Clovis Gilbert, Jonathan Pleasant
and Lowry Powers. And the current Health Administer of the Barry Telford Unit." The letter is not
dated and does not have any file stamp. The third document appears to be the original pleading in
this case even though it specifies the cause number as "Cause No. 00 C 1485-202." In this
document, Perry argues the dismissal with prejudice in the "above numbered case" is void because
it was a violation of his due process rights under the Fourteenth Amendment and a violation of the
Open Courts Provision of the Texas Constitution. Perry alleges, among other things, that the trial
court failed to issue subpoenas, the trial court was biased, and he was denied sufficient access to
legal research materials due to being housed on "12 Building Administrative Segragation [sic]"
which limited his access to legal research materials. This document contains an unsworn declaration
dated on an unspecified day of January 2007. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001
(Vernon 2005). The document does not, however, contain any file stamp or a certification by the
district clerk. The fourth document in the appendix is a special masters report filed in cause number
00-C-1485-202 which contains a file stamp by the district court dated May 7, 2001. The last
document in the appendix appears to be a computer printout of the district court's docket in Cause
No. 00C- 1485-202 as of December 27, 2006. Again, this document does not contain any file stamp
or a certification. Perry also filed an amended appendix which contains a letter from the district
court confirming the petition had been filed, a letter dated January 18, 2008, from Perry to the district
clerk requesting "a hearing on the Bill of Review," (3) a notice to pro se litigants, and a notarized
computer printout of Perry's inmate trust account. Perry has failed to show he has asked the trial
court for relief and the trial court refused. Perry has failed to show he has filed a motion which the
trial court had a duty to rule on. "A party's right to mandamus relief generally requires a predicate
request for some action and a refusal of that request." In re Perritt, 992 S.W.2d 444, 446 (Tex.
1999). The mere filing of a bill of review does not request action to be performed by the trial court
other than the docketing of the lawsuit. While Perry requested the trial court to rule on his bill of
review, the appendix only contains the pleadings filed by Perry. There is no record of any motion
which would require a ruling by the trial court. Indeed, the record does not even establish whether
Perry has properly served the defendants with his bill of review. "[A] bill of review is a separate
proceeding from the underlying suit." Ross, 197 S.W.3d at 798. We have been unable to determine
whether the defendants have been served with process, what action Perry has requested, whether a
reasonable time has passed for the trial court to rule on that action, or whether the matter was
brought to the attention of the trial court. Perry must first request the relief he seeks, whatever that
may be, from the trial court. Perry has failed to show that the trial court has clearly abused its
discretion in failing to hold a hearing. 

 For the reasons stated, we deny Perry's petition for writ of mandamus.





 Jack Carter

 Justice


Date Submitted: April 8, 2008

Date Decided: April 9, 2008


1. We note, under Chapter 14 of the Texas Civil Practice and Remedies Code, a trial court may
dismiss an inmate's lawsuit if it finds "the claim is frivolous or malicious." Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon 2002). In assessing whether a suit is frivolous or malicious, a
trial court may consider various factors, including whether the claim's realistic chance of ultimate
success is slight and whether the claim has no arguable basis in law or in fact. Id. In order to be
entitled to relief on a bill of review, a petitioner must plead and prove 1) a meritorious defense,
2) that he or she was prevented from making due to the fraud, accident, or wrongful act of his or her
opponent, and 3) that the failure to appear was unmixed with any fault or negligence of his or her
own. Ross v. Nat'l Ctr. for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006). 
Further, the petitioner must normally show that he or she exercised due diligence to assert all
adequate legal remedies before filing the bill of review. Caldwell v. Barnes, 975 S.W.2d 535, 537
(Tex. 1998). Our opinion in the appeal from cause number 00-C-1485-202 indicates that Perry
participated in the trial court, appealed the dismissal, and raised on appeal some of the same issues
he has raised in this bill of review. Perry v. Stanley, No. 06-03-00045-CV, 2003 Tex. App. LEXIS
9691 (Tex. App.--Texarkana Nov. 14, 2003) (mem. op.). The record before this Court, though, does
not indicate that the trial court has dismissed this suit as frivolous under Chapter 14.

2. It is the relator's burden to provide this Court with a sufficient record to establish his or her
right to mandamus relief. Walker, 827 S.W.2d at 837; In re Pilgrim's Pride Corp., 187 S.W.3d 197,
198-99 (Tex. App.--Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3. 
3. The letter does not contain a file stamp or certification.


inion, we release opinions in cause numbers 06-06-00230-CR and
06-06-00231-CR, both styled Hayes v. State. We refer the reader to those opinions for fuller
discussions of these cases, their issues, and outcomes. 
2. See Tex. Health & Safety Code Ann. § 481.134 (Vernon Supp. 2007).
3. See Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2007).
4. See Tex. R. Evid. 705.
5. Rule 13.1 of the Texas Rules of Appellate Procedure mandates that court reporters record
and transcribe bench conferences "unless excused by an agreement of the parties." Tex. R. App. P.
13.1(a). However, a defendant is required to object to the court reporter's failure to record bench
conferences in order to preserve error for appeal. Valle v. State, 109 S.W.3d 500, 508-09 (Tex.
Crim. App. 2003). Hayes does not point to any objection during trial regarding the reporter's failure
to record any bench conferences and we have found none. 

6. Hayes made no complaint about this testimony, either at trial or on appeal.