11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bradley T. Kendrick and Hendrick Medical Center

Appellants

Vs.                   No.  11-04-00192-CV -- Appeal from Taylor County

Maria
Garcia, as Administratrix of the Estate of Edward A. Martinez 

Appellee

 

This appeal involves some of the recent changes
made to the expert report requirements for health care liability claims.  See TEX. CIV. PRAC. & REM. CODE
ANN. ' 74.351
(Vernon 2005).  Appellee, Maria Garcia,
as Administratrix of the Estate of Edward A. Martinez, filed a medical
malpractice claim against appellants, Dr. Bradley T. Kendrick (Dr. Kendrick)
and Hendrick Medical Center (HMC), on January 21, 2004.  Since the claim was filed after September 1,
2003, the provisions of Section 74.351 apply to appellee=s
lawsuit.  Section 74.351(a) requires a
claimant in a health care liability claim to 
Aserve
on each party or the party=s
attorney one or more expert reports@
not later than the 120th day after the date the claim is filed.  (Emphasis added)  Appellants filed motions on May 25, 2004, and
June 4, 2004, seeking the dismissal of appellee=s
claims on the basis that she had not served them with expert reports within 120
days of filing suit as required by Section 74.351(a).  See Section 74.351(b).  Appellants challenge the trial court=s denial of their motions to dismiss in
this interlocutory appeal.  See
TEX. CIV. PRAC. & REM. CODE ANN. '
51.014(a)(9) (Vernon Supp. 2004 - 2005). 
We reverse and render an order of dismissal.

                                                                 Underlying
Facts








Appellee filed the reports and curriculum vitaes
of two experts with the district clerk=s
office on March 26, 2004, and April 8, 2004.[1]  Appellee did not serve appellants with a copy
of these documents at the time of filing as required by TEX.R.CIV.P. 21.  After appellants filed their motions to
dismiss, appellee=s counsel
filed a Acertificate
of service@ for the
documents wherein counsel alleged that the two expert reports and curriculum
vitaes were served on appellants on April 12, 2004, Ain
accordance with the Texas Rules of Civil Procedure, Rule 21a and in compliance
with Tex. Civ. Prac. Rem. Code '
74.351.@  See TEX.R.CIV.P. 21a.  

Appellee=s
counsel detailed the manner in which she provided appellants with a copy of the
reports on April 12, 2004, in an affidavit attached to appellee=s reply to the motions to dismiss.  With respect to Dr. Kendrick, counsel alleged
that she placed a copy of the reports in a box located in the district clerk=s office that is assigned to the law
firm that represented Dr. Kendrick at trial. 
Counsel also stated that she mailed a copy of the reports to HMC=s attorney of record via first class
U.S. mail.  Appellants= attorneys of record denied receiving
the documents at any time prior to the expiration of the 120-day deadline.  They contend that they first received a copy
of the documents when appellee=s
counsel faxed a copy to them on May 27, 2004.[2]

After conducting a brief hearing on the motions to
dismiss, the trial court issued a letter ruling announcing its decision to deny
the motions.  The letter detailed the
reasons why the trial court denied the motions. 
The trial court stated in the letter that appellee Aattempted in good faith to notify
[appellants]@ about
the expert reports.  With respect to
HMC,  the trial court stated that
appellee complied with Section 74.351. 
The trial court noted in this regard that HMC did not rebut the
allegation that the documents were mailed to its attorney of record on April
12, 2004.  With respect to Dr. Kendrick,
the trial court stated as follows:

[T]he
Court finds that [appellee] has made a good faith effort to comply with
[Section] 74.351 by filing said report and vitae on April 8, 2004, and by
placing said report and vitae in the attorney=s
box located in the District Clerk=s
office.  While [appellee=s] efforts may not be technically
correct or advisable, I believe that the spirit of [Section] 74.351 has been
complied with.  The Court does not find
that placing an expert report and vitae in a box located in the Clerk=s office is service under
[TEX.R.CIV.P.] 21a.  Therefore, [Dr.
Kendrick=s] Motion
to Dismiss for failing to comply with [Section] 74.351 is denied.

 

After directing appellee=s
counsel to prepare an order denying the motions to dismiss, the letter
concluded with the following sentence:  AThis letter will be in the file should
any higher authority wish to review the Court=s
reasoning.@  








                                              The
Effect of the Trial Court=s
Letter Ruling

As a preliminary matter, we must determine the
effect, if any, of the trial court=s
letter ruling.  Appellants have
essentially treated the letter as the trial court=s
findings of fact and conclusions of law. 
This treatment of the letter is not unreasonable given the trial court=s statement of its intent for appellate
courts to rely on the letter.  However,
there is some authority which holds that a letter ruling issued prior to the
entry of the trial court=s
order is not competent evidence of the basis for the trial court=s judgment.  Cherokee Water Company v. Gregg County
Appraisal District, 801 S.W.2d 872, 878 (Tex.1990).  The trial court in Cherokee Water
entered findings of fact and conclusions of law after the entry of
judgment.  The Supreme Court rejected an
attempt to alter the trial court=s  findings of fact and conclusions of law with
a statement contained in a letter ruling issued prior to the entry of judgment.


The holding in Cherokee Water is
distinguishable on two grounds. The trial court in this appeal did not enter
formal findings of fact and conclusions of law which appellants are attempting
to alter with the trial court=s
letter ruling.[3]  Additionally, the trial court=s statement that it intended for
appellate courts to rely on the letter ruling as the basis for its decision is
a significant factor.  In compliance with
the trial court=s
expressed purpose for the letter, we treat it as competent evidence of the
trial court=s basis
for overruling appellants=
motions to dismiss.  

                                                                 Issues
on Appeal

Dr. Kendrick raises two issues on appeal.  He alleges in the first issue that the trial
court abused its discretion by denying his motion to dismiss brought under
Section 74.351.  Dr. Kendrick=s second issue challenges the trial
court=s
reliance on Garcia=s Agood faith effort@ to comply with Section 74.351.  HMC raises one issue on appeal that
encompasses both of the issues raised by Dr. Kendrick.  

 








                                                               Standard
of Review

The parties have asserted that the trial court=s ruling should be reviewed under an
abuse of discretion standard.  The
Supreme Court held in   American
Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873, 877-78
(Tex.2001), that expert report determinations made under the former statute are
reviewed for abuse of discretion.  See
Walker v. Gutierrez, 111 S.W.3d 56, 62 
(Tex.2003).  The Supreme Court
based its determination in   Palacios
on Athe plain language@ of the former statute.  Specifically, the Supreme Court referenced
language in the former statute which vested the trial court with discretion
wherein it required the court to dismiss the action if Ait
appears to the court...that the report does not represent a good faith effort
to comply with the definition of an expert report.@  American Transitional Care Centers of
Texas, Inc. v. Palacios, supra at 877.  The court also referenced the former statute=s declaration that an order of
dismissal constituted a sanction and that sanctions are generally reviewed
under an abuse of discretion standard.  American
Tran-sitional Care Centers of Texas, Inc. v. Palacios, supra at 878.

In adopting Section 74.351, the legislature
omitted the wording of the former statute upon which the Supreme Court relied
in Palacios.[4]  Two commentators have suggested the
possibility that the abuse of discretion standard is no longer applicable as a
result of this omission.  See
George C. Hanks, Jr. and Rachel Polinger-Hyman, ARedefining
the Battlefield,@
67 TEX. B.J. 936, 943 (2004).  However,
absent authority to the contrary, we will utilize the abuse of discretion
standard to review the trial court=s
decision to deny the motions to dismiss under Section 74.351.  








A trial court abuses its discretion if it acts
without reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241‑42 (Tex.1985), cert. den=d,
476 U.S. 1159 (1986).  When reviewing
matters committed to a trial court=s
discretion, an appellate court may not substitute its own judgment for the
trial court=s
judgment.   Walker v. Packer, 827
S.W.2d 833, 839 (Tex.1992).  Nor may a
reviewing court set aside the trial court=s
determination unless it is clear from the record that the trial court could
only reach one decision.  Walker v.
Packer, supra at 840. On the other hand, our review of a trial court=s determination of the legal principles
controlling its ruling is much less deferential.  Walker v. Packer, supra at 840.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Walker
v. Packer, supra at 840. Thus, a clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion.  Walker v. Packer, supra at 840.

                                                      Construction
of Section 74.351

The resolution of this appeal hinges on the
interpretation of two aspects of the new statute.  The first element of Section 74.351 under
consideration involves a construction of the terms Aserve@ and Aserved.@ 
The second element to be interpreted is whether an unsuccessful effort
to serve an expert report can be excused if it is made in good faith.  It appears that both of these issues are
matters of first impression.

In construing a statute, our primary objective is
to determine and give effect to the legislature=s
intent.  McIntyre v. Ramirez, 109
S.W.3d 741, 745 (Tex.2003); Texas Department of Transportation v. Needham, 82
S.W.3d 314, 318 (Tex.2002).  We start
with the plain and common meaning of the statute=s
words.  McIntyre v. Ramirez, supra
at 745; State ex rel. State Department of Highways and Public Transportation
v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002). 
If the stat-utory language is unambiguous, we will interpret the statute
according to its plain meaning. McIntyre v. Ramirez, supra at 745; State
ex rel. State Department of Highways and Public Transportation v. Gonzalez,
supra at 327.  However, we will not
give an undefined statutory term a meaning that is out of harmony or
inconsistent with other provisions in the statute.  See McIntyre v. Ramirez, supra at 745;
Texas Department of Transportation v. Needham, supra at 318.   We may consider other matters in
ascertaining the legislature=s
intent, including the objective of the law, the legislative history, and the
consequences of a particular construction. 
See TEX. GOV=T
CODE ANN. '
311.023(1), (3), & (5) (Vernon 2005); 
McIntyre v. Ramirez, supra at 745; Union Bankers Insurance
Company v. Shelton, 889 S.W.2d 278, 280 (Tex.1994).  Finally, because statutory construction is a
question of law, we review the trial court=s
construction de novo.  McIntyre v.
Ramirez, supra at 745;  State ex
rel. State Department of Highways and Public Transportation v. Gonzalez, supra
at 327.

                                                              AServe@
and AServed@

Appellants contend that Aserve@ and Aserved@ as used in the statute are synonymous
with service under Rule 21a.  We agree
with this contention.  While several
terms used in Section 74.351 are defined, Aserve@ and Aserved@ are not.  See TEX. CIV. PRAC. & REM. CODE
ANN. '
74.001(a) (Vernon 2005).  TEX. CIV. PRAC.
& REM. CODE ANN. '
74.001(b) (Vernon 2005) provides that undefined terms are to be interpreted as
having Asuch
meaning as is consistent with the common law.@  This provision essentially restates the rule
of statutory construction that terms in a statute are to be given their plain
meaning. 

By its express terms, Section 74.351 applies to
health care liability claims.  Thus, the
statute applies to actively litigated causes of action that are subject to the
Rules of Civil Procedure.  Rule 21a
specifies the method by which litigation documents may be served in compliance
with the Rules.  Accordingly, Aserve@
and Aserved@ have distinct legal meanings under the
Rules.  Given the applicability of the
Rules of Civil Procedure to health care liability claims and the use of Aserve@
and Aserved@ in the statute, we conclude that the
legislature intended that a claimant comply with Rule 21a in order to fulfill
the requirements of Section 74.351. 

                                                                 Service
on HMC 

The trial court determined that appellee satisfied
the service requirements of Section 74.351 with respect to HMC.  This determination constituted an abuse of
discretion.  Rule 21a provides that
service may be accomplished by one of the following methods:  (1) physical delivery in person, by agent, or
by courier-receipted delivery; (2) certified or registered mail; (3) telephonic
document transfer; or (4) such other manner as the trial court in its
discretion may direct.   While appellee=s counsel alleged that she mailed a
copy of the documents to HMC=s
attorney, she did not do so by either certified or registered mail as required
by Rule 21a.  Notice by regular mail is
not an authorized method of service under Rule 21a.  Pessel v. Jenkins, 125 S.W.3d 807, 810
(Tex.App. - Texarkana 2004, no pet=n).  Accordingly, appellee did not serve HMC with
the documents within the 120-day period as required by Section 74.351.








The trial court based its determination that
appellee timely served HMC upon its ruling that HMC did not rebut appellee=s allegation that the documents were
mailed to HMC=s
attorney by regular mail on April 12, 2004. 
Rule 21a provides that a presumption of receipt arises from the certificate
of service required by the rule. 
However, the certificate of service filed by appellee=s counsel did not raise a presumption
of receipt because it was not contemporaneously executed Aon the filed instrument@ as required by Rule 21a.  See Mathis v. Lockwood, No.
04-0516, 2005 WL 1415366, at *2 (Tex. June 17, 2005).  Furthermore, appellee did not use one of the
methods of service authorized by Rule 21a. 
As noted recently by the supreme court, Anotice
properly sent pursuant to Rule 21a raises a presumption that notice was
received.@  Mathis v. Lockwood, supra at
*2. (Emphasis added)  Accordingly, there
was no presumption of receipt that HMC needed to rebut.  HMC=s
sole issue on appeal is sustained.

                                                           No
Good Faith Exception








The trial court determined that the action of
appellee=s counsel
in placing a copy of the documents in Dr. Kendrick=s
trial counsel=s box in
the district clerk=s office
did not constitute service under Section 74.351.[5]  However, the trial court did not dismiss the
claims against Dr. Kendrick because it determined that appellee made a good
faith effort to comply with the statute=s
requirements.  The former statute
contained an exception for the failure to timely furnish an expert report if
the failure Awas not
intentional or the result of conscious indifference but was the result of an
accident or mistake.@  See TEX.REV.CIV.STAT. art. 4590i, '13.01(g) (2003).  The legislature has amended the expert report
requirements by omitting the Aaccident
or mistake@
exception in Section 74.351.  By amending
the expert report requirements, the legislature has indicated that it Aintended to change the original act by
creating a new right or withdrawing an old one.@
American Honda Motor Co., Inc. v. Texas Department of Transportation-Motor
Vehicle Division, 47 S.W.3d 614, 621 (Tex.App. - Austin 2001, pet=n den=d).  In this instance, the legislature has
withdrawn the Aaccident
or mistake@
exception which a claimant could previously assert when failing to timely
furnish an expert report.  As a result of
the omission of the Aaccident
or mistake@
exception in Section 74.351, we conclude that the new statute precludes the
existence of a good faith exception to the requirement of timely serving expert
reports.  Accordingly, the trial court
abused its discretion by denying Dr. Kendrick=s
motion to dismiss on the basis of appellee=s
good faith effort to comply with the service requirements of Section 74.351.
Dr. Kendrick=s first
and second issues are sustained.

                                                                This
Court=s Ruling

The trial court=s
order denying Bradley T. Kendrick=s
and Hendrick Medical Center=s
motions to dismiss is reversed.  Judgment
is rendered in favor of Dr. Kendrick and Hendrick Medical Center on their
motions to dismiss the claims of Maria Garcia, as Administratrix of the Estate
of Edward A. Martinez.  

 

JIM R. WRIGHT

JUSTICE

 

August 18, 2005

Panel
consists of:  Wright, J., and McCall, J.











     [1]This
appeal does not involve any issues challenging the sufficiency of the reports
or the qualifications of the experts.





     [2]Dr.
Kendrick filed the first motion to dismiss on May 25, 2004.





     [3]There
is authority holding that findings of fact and conclusions of law were not
required under TEX.REV.CIV.STAT. art. 4590i, '13.01
(2003), the predecessor statute to Section 74.351.  See Mocega v. Bradford Urquhart, M.D.,
79 S.W.3d 61, 63-64 (Tex.App. - Houston [14th Dist.] 2002, pet=n den=d).  The court in
Mocega reasoned that a dismissal under the former statute constituted a
sanction and that findings of fact and conclusions of law are not required in a
sanctions dismissal.  See IKB
Industries v. Pro-Line Corporation, 938 S.W.2d 440, 442-43 (Tex.1997).  Unlike the predecessor statute, Section
74.351 no longer provides that a dismissal for expert report deficiencies
constitutes a sanction.   We note without
deciding the possibility that findings of fact and conclusions of law may now
be required upon a timely request for them in a dismissal proceeding brought
under Section 74.351.  





     [4]See
Footnote No. 3.





     [5]Appellee
argues on appeal that her counsel=s act of
placing a copy of the documents in Dr. Kendrick=s
attorney=s box located in the district clerk=s office constituted service under local practice and
custom.  Appellee supports this
contention with affidavits from several attorneys regarding their understanding
of the purpose of these boxes located in the district clerk=s office.  We
agree with the trial court=s rejection of this contention.  The record does not reflect that this practice
has been established as an authorized method for service by either local rule
or an order entered in the underlying proceeding.  See TEX.R.CIV.P. 3a & 21a.